# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 16-0938** (Cabell County 13-F-504)

**Darrell Guthrie,**
**Defendant Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Darrell Guthrie, pro se, appeals the September 6, 2016, order of the Circuit Court of Cabell County denying his motion for reconsideration of an order revoking his home incarceration. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal has been rendered moot. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his indictment, petitioner entered into a plea agreement with the State, in which he agreed to plead guilty to nighttime burglary and daytime burglary without breaking and the State agreed to dismiss grand larceny, petit larceny, and felony possession of a firearm charges. In May of 2014, the circuit court accepted the plea agreement and petitioner's guilty pleas, and dismissed the remaining counts of the indictment. In July of 2014, the circuit court sentenced petitioner to consecutive terms of incarceration and ordered that he serve those sentences on home incarceration.[1]

---

[1]The circuit court sentenced petitioner to one to fifteen years of incarceration for nighttime burglary pursuant to West Virginia Code § 61-3-11(a). The record contains a discrepancy regarding whether the circuit court sentenced petitioner to one to ten years of incarceration for daytime burglary without breaking pursuant to West Virginia Code § 61-3-11(b). Though the circuit court's May 8, 2014, plea order reflects that the court advised petitioner of the correct sentence under West Virginia Code § 61-3-11(b), the July 11, 2014, sentencing order reflects that (continued . . .)

1

On April 21, 2016, the State filed a petition to have petitioner's home incarceration revoked for alleged violations of its terms and conditions. Following an April 28, 2016, hearing, the circuit court revoked home incarceration and committed petitioner to the physical custody of the West Virginia Division of Corrections ("DOC") by order entered on May 20, 2016. Petitioner did not appeal the circuit court's May 20, 2016, order; however, on September 1, 2016, he filed a motion asking the court to reconsider its revocation of his home incarceration pursuant to Rule 35 of the West Virginia Rules of Civil Procedure.[2] By order entered on September 6, 2016, the circuit court denied petitioner's motion. Petitioner appealed the circuit court's September 6, 2016, order on October 5, 2016. On January 19, 2017, the DOC released petitioner from its physical custody pursuant to an order from the West Virginia Parole Board granting him parole.

"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 4, *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014) (Internal quotations and citations omitted.). In syllabus point 3 of *Cline*, we held that parolees were not "incarcerated" pursuant to the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to 53-4A-11, so that courts had jurisdiction to entertain their petitions for a writ of habeas corpus. *Id.* at 428, 765 S.E.2d at 584. We distinguished parole from home incarceration on the ground that the latter was a more restrictive form of custody because, unlike a parolee, a defendant serving his sentence on home incarceration "does not have 'the freedom to come and go as he pleases; his daily activities are subject to both the supervision and control of the Home Incarceration Office.'" *Id.* at 434, 765 S.E.2d at 590 (quoting *Elder v. Scolapia*, 230 W.Va. 422, 427, 738 S.E.2d 924, 929 (2013)).[3] In the instant appeal, petitioner asks for the reinstatement of his home incarceration. However, given that petitioner has been granted parole, he now enjoys a less restrictive form of custody. Therefore, we dismiss petitioner's appeal because it has been rendered moot.

Dismissed as Moot.

---

the court sentenced petitioner to one to fifteen years of incarceration for both nighttime burglary and daytime burglary without breaking. However, because petitioner does not challenge the length of his sentence for daytime burglary without breaking, we decline to address that issue in this appeal.

[2]According to petitioner, he filed his motion pursuant to Rule 35(a), which governs correction of illegal sentences. However, because petitioner did not allege that either of his sentences were outside statutory limits, it is unclear whether petitioner properly filed his motion under Rule 35(b) or whether the motion came under Rule 35(b), which allows a defendant to ask for a reduction in his sentence within 120 days of the entry of an order in which "probation" is revoked.

[3]In syllabus point 2 of *Elder*, we held that defendants serving their sentences on home incarceration were "incarcerated" pursuant to the Post-Conviction Habeas Corpus Act and that courts have jurisdiction to entertain their habeas petitions. 230 W.Va. at 423, 738 S.E.2d at 925.

2

**ISSUED:**   June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3